**LONDON REALTY CO. v. DE LACEY.**

(Supreme Court, Appellate Term. June 29, 1909.)

TRIAL (§ 377*)—ORDER OF PROOF—EXCLUSION OF EVIDENCE.

    Where the issue was whether the transaction involved was usurious, and plaintiff's attorney, at whose office the transaction was consummated, asked, before the case was closed, permission to testify in behalf of plaintiff, the refusal to permit him to testify was reversible error.

    [Ed. Note.—For other cases, see Trial, Dec. Dig. § 377.*]

    MacLean, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by the London Realty Company against Thomas De Lacey. From a judgment for defendant, rendered in the Municipal Court, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Morrison & Schiff, for appellant.

Andrew F. Van Thun, Jr., for respondent.

PER CURIAM. It seems almost conclusive, from reading the testimony of the defendant, that the loan made to the defendant was founded in usury. Before the case was closed, however, the plaintiff's attorney, at whose office the transaction was consummated, requested to be allowed to testify in behalf of the plaintiff. This right was denied him by the trial justice, and this constitutes reversible error. Evidence might have been adduced which would have convinced the trial justice of the legality of the loan, and this the plaintiff had the right to prove, if he could.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.

MacLEAN, J. (dissenting). The plaintiff, by its manager, and the defendant, in person, having testified, the former in support of its claim, and the latter of his defense, the learned trial justice rendered judgment in favor of the defendant, to which counsel for the plaintiff took exception. Thereafter counsel for the plaintiff requested the court to be permitted to take the stand and testify as to the transaction. The plaintiff had rested his own case. Therefore it was not error for the court to deny the request of plaintiff's counsel, who did not intimate to the court whether such testimony was or was not in rebuttal, the only testimony upon which he was entitled to be heard. 2 Rumsey's Practice, 309.

The judgment should therefore be affirmed.